Lauer Will.

Argued Nov. 30, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Ralph F. Fisher,* with him *Robert S. Spangler* and *Fisher, Ports & May,* for appellant.

*Allen C. Wiest,* with him *John Carl Foster, Jr.,* for appellees.

OPINION BY MR. JUSTICE PATTERSON, March 19, 1945:

This is an appeal by Francis Smyser, brother of Annie A. Lauer, deceased, from the decree of the court below dismissing his appeal from probate of her will and refusing to award an issue devisavit vel non to determine decedent's testamentary capacity and the exercise of undue influence upon her at the time the will was made.

Annie A. Lauer died October 12, 1942, survived by appellant, Francis Smyser, her brother, sole heir, and next of kin, Sherman W. Smyser, Clarence H. Smyser and Warren Smyser, nephews and six grandnephews and grandnieces. Her husband died August 1, 1942. By her will dated September 22, 1942, she bequeathed to each of her grandnephews and grandnieces $2,000, made numerous bequests to charities, and gave all her household effects, together with the residue of her estate, to Ervin M. Spangler and Lottie M. Spangler, his wife, her son-in-law and his second wife, respectively. His first wife, who died, was the daughter of testatrix. The present Spanglers had lived with decedent continuously for many years prior to her decease and had taken good care of her and her husband during their last illnesses and faithfully ministered to their wants. Ervin M. Spangler was named executor of her estate, the approximate valuation of which was $141,004.43. Francis Smyser, appellant, appealed to the court below from the probate of the will, alleging lack of testamentary capacity and undue influence. The court below dismissed the appeal and refused his request for an issue devisavit vel non. This appeal followed.

That the will was properly executed is not challenged. There arises, therefore, a presumption of testamentary capacity: *Olshefski's Estate,* 337 Pa. 420, 422; *Cressman Estate,* 346 Pa. 400, 404. Unless it is established that testatrix had been mentally incapable of transacting business for some time prior to the execution of the will the burden of proving lack of testamentary capacity is upon contestant: *Olshefski's Estate,* supra, 422. To sustain this burden of proof evidence must be clear and strong. Opinions or suspicions not based upon evidence are insufficient: *Hook's Estate,* 207 Pa. 203, 205; *Geho's Estate,* 340 Pa. 412, 417. Thirty-three witnesses, including the subscribing witnesses to the will and the physician who attended decedent in her last illness, testified to her soundness of mind. Her testamentary capacity was challenged only by the fact that she was a sick woman. See *Lawrence's Estate,* 286 Pa. 58, 65; *Miller's Estate,* 265 Pa. 315, 319. Contestant's testimony shows that she conversed sensibly and was aware of what she was doing practically to the time of her decease. The court below could not have properly concluded that Annie Lauer lacked testamentary capacity.

Testamentary capacity having been established, the burden was upon contestant to show by clear and convincing evidence that decedent's mind was subjugated to the will of the person operating upon it: *Cressman Estate,* supra, 405; *Llewellyn's Estate,* 296 Pa. 74, 83; *Phillips' Estate,* 244 Pa. 35, 43. Appellant seeks to invoke the rule that a large gift to a stranger to the blood of the decedent raises the presumption of undue influence. See *Llewellyn's Estate,* supra, 82, and cases therein cited. This rule may be invoked only where there has been clear proof of weakened intellect: *Gongaware v. Donehoo,* 255 Pa. 502, 508; *Phillips' Estate,* supra, 44; *Llewllyn's Estate,* supra, 82. Physical weakness and the fact that Mrs. Lauer was a sick woman are the reasons given by witnesses who testified that in their opinion she could be easily subjected to undue influence. The evidence of

weakened intellect is not clear and convincing. The mere fact that Mrs. Lauer was a sick woman is not such evidence. See *Lawrence's Estate,* supra; *Miller's Estate,* supra. The residuary gift to Spangler and his wife is natural when their assistance and services to her and her husband over a period of years are considered. Appellant has failed to establish the weakened intellect of Mrs. Lauer and thus shift the burden of proof of lack of undue influence to the proponents of the will. Cf. *Llewellyn's Estate,* supra, 82.

The court below properly said: ". . . careful and impartial analysis of all of the testimony shows that the entire atmosphere of this case is devoid of any attempt on the part of the proponents to exercise control over the decedent in any manner or to improperly influence her to any degree in the execution of her will."

The decree of the court below is affirmed. Costs to be paid by appellant. ■